ROBINSON & FARRELL, Respondents, v. FIELDEN ESTES, Appellant.

Kansas City Court of Appeals, April 17, 1893.

1. **Contracts:** MEETING OF MINDS: INSTRUCTION: HARMLESS ERROR. Both parties to a contract should consent to the same terms at the same time and the understanding of one is not sufficient; and an instruction directing a finding on the sale that plaintiffs understood, etc., is verbally defective; but in this case the defect was harmless.

2. **Instructions:** ASSUMING ISSUE: EVIDENCE. An instruction should not assume a matter in issue, but this rule is not violated where the evidence particularly fixes the proper compensation of services.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*J. H. Blair*, for appellant.

Plaintiff's instruction number 1 should have been refused. *Eads v. City of Carondelet*, 42 Mo. 113; *Mfg. Co. v. Broderick*, 12 Mo. App. 378; *Robertson v. Drone*, 100 Mo. 273; *Dulaney v. The St Louis Sugar Ref. Co.*, 42 Mo. App. 659; *Wright v. Fonda & Higgins*, 44 Mo. App. 634, and authorities therein cited.

*Stuart Carkener*, for respondents.

(1) Instruction number 1 given for the plaintiffs is to be considered in the light of the testimony in the case. See *Porter v. Harrison*, 52 Mo. 524; *Mathews v. St. Louis Elevator*, 59 Mo. 474, at p. 478; *Brink v. Kansas City*, 17 Mo. App. 177, at page 196-7. And when so considered it is plain that there could be, and was, no misunderstanding by the jury of what must appear from the evidence to entitle plaintiffs to recover. (2) But that there was "any error to the prejudice of appellant," in giving plaintiffs' first instruction is absolutely negatived by the first instruction given at defendant's instance. The instructions of the court are always to be taken together, and when so taken, if they correctly declare the law, that is enough. *Budd v. Hoffman*, 52 Mo. 297, at page 303-4; *Porter v. Harrison*, 52 Mo. 524; *McKeon v. Citizens Ry. Co*, 43 Mo. 405; *Moore v. Sabourin*, 42 Mo. 490; *Marshall v. Ins. Co.* 43 Mo. 586.

GILL, J.—Plaintiffs, as partners in the practice of the law, sued the defendant before a justice of the peace on account of services performed in two cases, to-wit: for assisting in the trial of Estes *v.* Adams, $25, and for the conduct of the suit of Estes *v.* Whitlock, $50—in all, $75. On a trial before a jury in the Audrain circuit court plaintiff had a verdict and judgment for the total amount claimed with six per cent.

interest from the institution of the suit, that is a total of $80.25. However, when the motion for a new trial came up in the circuit court the plaintiffs, conceding an error in an instruction relating to the $25 fee on account of the Adams suit, remitted that amount with the interest thereon allowed by the jury, and thereby reduced the judgment to $53.50, the amount fixed by the jury for services in the Whitlock case. And from a judgment for this $53.50, defendant appealed.

I. As we view this controversy, the plaintiffs, by remitting the amount allowed them in the verdict on account of the Adams suit, succeeded in eliminating that feature of the case; so that any error appearing in such of the instructions as related to the Adams case alone may be disregarded on this appeal.

The only matter then remaining is the complaint of the defendant as to the court's instruction relating to the Whitlock item. The evidence is undisputed that the defendant employed the plaintiffs to conduct the suit which he brought against said Whitlock, and that the plaintiffs secured therein a judgment in this defendant's favor. There were but two witnesses as to the terms of this employment. Robinson on the one side testified, in substance, that he undertook the work on the condition that he was to be paid a reasonable fee, *provided* that he should secure a judgment against Whitlock; while defendant Estes testified that for his services Robinson was to get the one half of what he should collect from Whitlock, and if nothing was made on the judgment, then no lawyer's fees were to be paid. Both agree that the matter of compensation was contingent; but they differ as to what the contingency was. There was nothing collected on the Whitlock judgment; and if then the contract was as testified to by Estes, clearly plaintiffs ought not to recover anything; but if Robinson was to be believed,

then plaintiffs should recover the reasonable value of their services, which the testimony of both sides shows to be $50.

Under this state of the evidence the trial court gave these instructions, the following at plaintiffs' request: "The court instructs the jury that, if they believe from the evidence in the cause that the plaintiffs began the suit against Whitlock with the understanding that they could charge nothing unless judgment was obtained in said suit, and they did obtain judgment, then they will return a verdict for the plaintiffs on that item in the account; and the evidence shows that the charge of $50 is a reasonable fee."

And the following at the request of the defendant: "The court instructs the jury, that if they believe from the evidence in the cause that the firm of Robinson & Farrell took the Whitlock case on a contingent fee, that is, they were to receive one half of whatever amount they should collect, as a full compensation for their services in said cause; and if the jury further find from the evidence that said firm of Robinson & Farrell failed to collect anything on said claim against said Whitlock, then they will find on the $50 item in favor of the defendant."

Counsel for defendant urges with some force and much plausibility an objection to the above instruction given at the instance of the plaintiffs. The particular fault pointed out is in the use of the word *understanding*. It is contended that by that declaration of the law the jury were permitted to find for the plaintiffs on the sole ground that *plaintiffs understood* the contract to be so and so, without regard to what may have been the understanding of defendant Estes. Unquestionably, when considered alone, the instruction is subject to a a just verbal criticism. Before plaintiffs can be allowed to recover on any specific contract, both parties

should have assented to the same terms at the same time. It is not enough that *one* of the parties should have a certain understanding, but the minds of both must have concurred in the same thing.

But nothwithstanding this technical error appearing on the face of plaintiffs' instruction, yet, when it was read to the jury along with the instruction following it and which was given on defendant's request, we do not think it could have worked any harm to the defendant. It was hardly possible for the jury to have been misled. The testimony, already referred to, placed this question before the jury: Did Robinson & Farrell agree with Estes to conduct the suit against Whitlock on the condition that they were to be paid if a judgment against him was obtained, or was it the understanding between the parties that plaintiffs were to receive for their services the one half of whatever they should collect from Whitlock? The truth of the first hypothesis entitled plaintiffs to a verdict, while if the latter was the correct statement of the agreement the defendant should have had the verdict. Under the circumstances then of this case, we think this mere verbal error in plaintiffs' instruction could work no prejudice against defendant, and is not therefore reversible error.

As to the assertion by the court that if the jury should find for the plaintiff as to the Whitlock matter they should award the sum of $50, there was no reversible error. The testimony on both sides shows unmistakably this to have been the fair and reasonable value of the services. Of course it is well understood that instructions should not assume the existence of facts in issue between the parties; but this rule is not violated in a case like this where the proper compensation is practically fixed by all the evidence on both sides of the case. Judgment affirmed. All concur.